UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

    - against -                      **MEMORANDUM AND ORDER**

SHARKEIF JONES,                    18 Cr. 220 (NRB)

    Defendant.
-------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendant Sharkeif Jones is serving a 70-month sentence of imprisonment for his conviction pursuant to a plea agreement for committing a series of armed robberies of cellular telephone stores in violation of the Hobbs Act, 18 U.S.C. § 1951. Citing the risks posed by COVID-19, Mr. Jones, represented by counsel, moves under 18 U.S.C. § 3582(c)(1)(A) to reduce his sentence to time served. (ECF No. 44.) The Government has filed a letter in opposition. (ECF No. 45.)

    Pursuant to Section 3582(c)(1)(A), a court may reduce an inmate's term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Jones, who is housed in USP Lee, previously petitioned the Warden of USP Lee for compassionate

release, which was denied.[1] He is therefore eligible to move the Court for such relief. See id. (permitting courts to entertain Section 3582(c)(1)(A) motions when a defendant has fully exhausted his administrative remedies). The burden of demonstrating that a sentencing reduction is warranted rests with Mr. Jones. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Mr. Jones is 34 years old and has been diagnosed with asthma and hypertension and may have a potential case of sleep apnea.[2] As evidenced by his medical records, each of these conditions appears to be under control.[3] And while asthma and hypertension are risk factors for developing a more

---

[1] See ECF No. 44-2.

[2] Mr. Jones's medical records also show that doctors discovered a prominence on his left hilum, a part of his lung, which could indicate a spectrum of underlying conditions ranging from a harmless anatomical anomaly to more serious conditions such as congestive heart failure or lymphoma. See ECF No. 44 at 3 n.6 (citing Bilateral Hilar Prominence on Chest X-Ray, Radiology in Plain English (Feb. 21, 2020), https://radiologyinplainenglish.com/bilateral-hilarprominence-on-chest-x-ray). As doctors have not diagnosed the cause of the prominence, the Court cannot assume for purposes of this application that this finding indicates a serious disease.

[3] According to his September 2020 medical records, Mr. Jones stated that he last used albuterol "years ago" (ECF No. 44 Ex. C at 10), and his prescribed twice daily 220mcg/inh dosage of mometasone furoate further suggests that he does not have a severe case of asthma. See U.S. Dep't of Health & Human Servs., Nat'l Heart, Lung & Blood Inst., Asthma Care Quick Reference: Diagnosing and Managing Asthma at 9 (2012), https://www.nhlbi.nih.gov/files/docs/guidelines/asthma_qrg.pdf. Moreover, the most recent notation of Mr. Jones's blood pressure of 117/75 from his September 2020 health records is well within the normal range and appears to have been achieved without the benefit of any recently prescribed medication (ECF No. 44 Ex. C at 11). See High Blood Pressure, Nat'l Inst. of Health (May 2, 2018), https://www.nia.nih.gov/health/high-blood-pressure.

serious case of COVID-19,[4] Mr. Jones is now fully vaccinated from the disease (ECF No. 45 Ex. B), which dramatically decreases his risk of contracting COVID-19 and almost entirely eliminates the chances that he would develop severe illness in the unlikely event that he is infected by the virus.[5] Accordingly, Mr. Jones's application does not present extraordinary and compelling circumstances warranting his immediate release from prison.

Moreover, even assuming for the sake of argument that Mr. Jones's application did identify extraordinary and compelling circumstances, we would still deny his motion based on our mandatory assessment of the Section 3553(a) sentencing factors.[6] Mr. Jones robbed two cellular telephone stores of small amounts of money by holding employees at gunpoint, cocking his gun, and even threatening to shoot his

---

[4] COVID-19: People with Certain Medical Conditions, Centers for Disease Control & Prevention (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Sleep apnea is not among the conditions listed.

[5] See Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns Through Up to Six Months Following Second Dose in Updated Topline Analysis of Landmark COVID-19 Vaccine Study, Pfizer (April 1, 2021), https://www.pfizer.com/news/press-release/press-release-detail/pfizer-and-biontech-confirm-high-efficacy-and-no-serious.

[6] These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

victims. In addition, Mr. Jones has a lengthy prior criminal history that spans nearly his entire adult life, which includes prior robbery convictions. And, while Mr. Jones argues that the Court should consider the difficult circumstances of his upbringing and his substance abuse in reducing his sentence, the Court already accounted for those variables when sentencing Mr. Jones to 70 months' imprisonment, which is 22 months below the bottom of the Sentencing Guidelines range for his crimes. Thus, at sentencing, as it does now, the 70-month sentence the Court imposed on Mr. Jones reflects his history and characteristics, the seriousness of his crimes, and his significant criminal history. To order Mr. Jones's immediate release based on the nature of his application would offend these sentencing factors.[7]

Accordingly, Mr. Jones's motion is denied. Because Mr. Jones has not made a substantial showing of a denial of a federal right, we will not issue a certificate of appealability. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir.

---

[7] While Mr. Jones brings to the Court's attention a number of cases where inmates have had their motions for compassionate release granted, "[t]he determination as to what constitutes extraordinary and compelling reasons warranting a reduction [under Section 3582] is committed to the sound discretion of the district court," and turns on the Court's "individualized determination" of the "particular circumstances" of each case. United States v. Johnson, No. 17 CR. 212 (NRB), 2020 WL 6891457, at *3 (S.D.N.Y. Nov. 24, 2020) (quoting United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order)).

2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully directed to terminate the motion currently pending at ECF No. 44.

**SO ORDERED.**

Dated:   New York, New York
         May 13, 2021

                                    _____
                                      NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

Copy to:

Sharkeif Jones
Register No. 79946-054
USP Lee
P.O. BOX 305
Jonesville, VA 24263-0305